William J. Perlstein (WP 1073)  **Hearing Date:**  **October 12, 1999**
Thomas W. White (TW 7604)  **2:00 p.m.**
Eric R. Markus (EM 3204)
WILMER, CUTLER & PICKERING  **Objection Date:**  **October 12, 1999**
2445 M Street, N.W.  **10:00 a.m.**
Washington, D.C. 20037
(202) 663-6000

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| IRIDIUM OPERATING LLC, | ) | Chapter 11 Case No. 99-45005(CB) |
| IRIDIUM LLC, | ) | |
| IRIDIUM IP LLC, | ) | |
| IRIDIUM CAPITAL CORP., | ) | |
| IRIDIUM ROAMING LLC, | ) | (Jointly Administered) |
| IRIDIUM (POTOMAC) LLC, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |

# DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF THE RESTRUCTURING OFFICERS, PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE, *NUNC PRO TUNC* TO SEPTEMBER 13, 1999; AND THE GRANT OF A LIEN PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE

Iridium Operating LLC ("Iridium"), Iridium Capital Corp. ("Capital"), Iridium LLC ("Parent"), Iridium IP LLC ("IP"), Iridium (Potomac) LLC ("Potomac"), and Iridium Roaming LLC ("Roaming"), debtors and debtors in possession (collectively, the "Debtors") hereby apply to this Court for an order pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") authorizing them to retain Joseph A. Bondi, David Gibson and such other employees of A&M whom the Debtors wish to retain and who are or will be named officers of one or more of the Debtors (each a "Restructuring Officer", collectively the "Restructuring Officers"), *nunc pro tunc* to September 13,

1999; and to grant a lien in respect of securing certain indemnity obligations of the Debtors. In support of this Application, the Debtors respectfully state and represent as follows:

1. The Debtors own and operate a global telecommunications system (the "Iridium System") that is designed to permit telephone calls and pages to be made and received on a global basis outside the coverage areas of traditional terrestrial wireline and wireless systems.

2. On August 13, 1999 (the "Petition Date"), certain holders of the Debtors' senior notes filed involuntary bankruptcy petitions against Iridium and Capital in this Court. Also on August 13, 1999, Parent, Iridium, Capital and Iridium World Communications Limited ("IWCL") filed voluntary petitions in the United States Bankruptcy Court for the District of Delaware. On August 16, 1999, this Court entered an order staying all proceedings in these cases in Delaware and permitting Debtors to operate their businesses pursuant to 11 U.S.C. § 303(f). On September 7, 1999, Iridium and Capital filed their answer to the involuntary petition consenting to the jurisdiction of this Court over their chapter 11 cases. On September 13, 1999 (the "Conversion Date"), this Court entered an order for relief with respect to the involuntary petitions, and also ordered that the voluntary cases filed in Delaware on behalf of Parent, Iridium, Capital and IWCL be transferred to this Court. Also on the Conversion Date, IP, Roaming and Potomac filed voluntary petitions in this Court. No trustee or examiner has been appointed in these chapter 11 cases. At an organizational meeting of creditors held September 17, 1999, the U.S. Trustee, pursuant to 11 U.S.C. § 1102, appointed an Official Committee of Unsecured Creditors (the "Unsecured Creditors' Committee") in these cases. No other official committee has yet been appointed.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The basis for the relief sought herein is found in section 105 of the Bankruptcy Code. Venue of the Debtors' chapter 11 cases and this Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Debtors are continuing to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

### RELIEF REQUESTED AND THE BASIS THEREFOR

5. Since September 8, 1999, Joseph A. Bondi, a Managing Director of Alvarez & Marsal, Inc. ("A&M"), has been acting as the Chief Restructuring Officer of Iridium, and David Gibson, a Managing Director of A&M, has been acting as Interim Chief Financial Officer of Iridium, both subject to this Court's approval of their retention. Since September 1, 1999, Bondi and Gibson have assisted in the managing of the operations of the Debtors. The Debtors have also employed certain employees of A&M and may wish to employ other employees of A&M in the future, each of whom has been or will be named as an officer of one or more of the Debtors. The functions performed by the Restructuring Officers include performing operational and financial restructuring services, providing an independent analysis of restructuring options, and generally providing such other services as the Debtors may require with this chapter 11 case, subject to the supervision of the Debtors' boards of directors.

6. On September 10, 1999, the Debtors filed an Application, pursuant to section 327 of the Bankruptcy Code and Bankruptcy Rule 2014, for an order authorizing the Debtors to retain

3

and employ A&M as restructuring consultants (the "Retention Application"), together with an affidavit of Joseph A. Bondi in support thereof.

7. That Application was brought before this Court at the first-day hearing held on September 13, 1999. At that hearing, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") raised concerns it had concerning certain aspects of the proposed retention of A&M under section 327 of the Bankruptcy Code. In view of the U.S. Trustee's concerns, the Debtors agreed to defer consideration of the Retention Application pending further discussions with the U.S. Trustee. By agreeing to defer the consideration of an otherwise properly presented first-day motion, the Debtors reserved the right to seek the retention of the Restructuring Officers *nunc pro tunc* to the Conversion Date.

8. The Debtors discussed the issues raised by the Retention Application with the U.S. Trustee. As reported to the Court on September 29, 1999, the Debtors and the U.S. Trustee have had productive discussions, which have focused on the appropriateness of the proposed indemnity provisions. Based on discussions which have occurred since that date, the Debtors have modified the indemnity provisions in an effort to address the U.S. Trustee's concerns, although no final agreement has been reached. In the event the Office of the U.S. Trustee objects to the relief sought herein, Debtors will file a Memorandum of Law in support of this Section 105 Application. By direction of the Court and with the agreement of the Office of the U.S. Trustee, that Memorandum will be filed no later than 10:00 a.m. on October 12, 1999.

9. The Debtors believe that, because the Restructuring Officers will serve as officers of the Debtors, all of whom will be subject to the supervision of the Debtors' Boards of

Directors, they are not professional persons and that approval of their employment is not required under section 327 of the Bankruptcy Code. Nevertheless, out of an abundance of caution, and because in any event their employment could be viewed as outside the ordinary course, the Debtors seek approval pursuant to section 105 of the Bankruptcy Code for the employment of the Restructuring Officers, *nunc pro tunc* to September 13, 1999, pursuant to the terms of an agreement, dated September 1, 1999 (the "Letter Agreement"), a copy of which was attached as Exhibit A to the Retention Application, as modified by this Application and the proposed order annexed hereto.

10. By way of summary only, the Letter Agreement, as modified by this Application and the proposed form of order, provides for:

(a) The employment by the Debtors of: Bondi as Chief Restructuring Officer; Gibson as Interim Chief Financial Officer; and certain other employees of A&M who will serve, notwithstanding the terms of the Letter Agreement (as filed with the Retention Application), as officers of one or more of the Debtors, each of whom will devote their full time efforts, consistent with their obligations as employees of A&M, to the Debtors. Notwithstanding the terms of the Letter Agreement (as filed with the Retention Application), the Debtors will not retain A&M, but only the Restructuring Officers as independent contractors. The Debtors will pay the Restructuring Officers for their services as officers. The total monthly compensation for the Restructuring Officers, on account of the services rendered and to be rendered, will be $250,000.

(b) Each Restructuring Officer will be reimbursed by the Debtors for his reasonable out-of-pocket expenses incurred in connection with the retention, such as travel, lodging, and telephone charges. In addition, the Debtors will pay for the reasonable fees and expenses of the

5

Restructuring Officers' counsel incurred in connection with the preparation, negotiation, and approval of the Retention Application and this Application.

(c) The Restructuring Officers will be paid a consummation fee of $2,000,000, upon the consummation of a Chapter 11 plan of reorganization.

(d) The Debtors will indemnify the Restructuring Officers, as officers, to the full extent allowed by Delaware law and the Debtor's organizational documents. Iridium's Certificate of Limited Liability Company states, in part, that officers of Iridium who are "made a party or [are] threatened to be made a party or [are] involved in any action, suit, or proceeding, whether civil, criminal, administrative or investigative (other than an action by or in the right of [Iridium]" (a "Proceeding"), "shall be indemnified and held harmless by [Iridium], against all expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by such person in connection with such Proceeding if such person acted in good faith and in a manner such person reasonably believed to be in or not opposed to the best interests of [Iridium], and, with respect to the subject matter of any Proceeding, had no reasonable cause to believe such person's conduct was unlawful."

(e) The Debtors will also provide an indemnity to A&M that would protect it in the same circumstances where the Restructuring Officers would be entitled to an indemnity from the Debtors. Specifically, the Debtors' retention of the Restructuring Officers gives rise to the possibility that A&M could be made a party to a proceeding relating to the Restructuring Officers' performance of their duties as officers of the Debtors even though A&M is not being retained by the Debtors in this case. Accordingly, notwithstanding the provisions of the Letter Agreement (as filed with the Retention

Application), the Debtors will indemnify A&M (and its employees, shareholders, representatives and agents) as if it were an officer of the Debtors in connection with Proceedings (i) relating to acts or omissions of a Restructuring Officer for which, if raised in a Proceeding, such Restructuring Officer would be entitled to indemnification as an officer of the Debtors or (ii) in which one or more Restructuring Officers is (or would be, if made a party to such Proceeding) entitled to indemnification as an officer of the Debtors.

(f) The Letter Agreement (as filed with the Retention Application) provides for a limitation of potential liability of A&M to the amount of fees received. The Debtors and A&M have agreed to delete any such limitation.

(g) The Debtors will provide to A&M, as a third-party beneficiary to the agreement between the Debtors and the Restructuring Officers, collateral in the amount of $500,000 to secure the Debtors' indemnity obligations in the form of cash collateral or a letter of credit or similar collateral arrangement reasonably satisfactory to A&M. Use of cash collateral in this amount for this purpose is permitted under the provisions of the form of cash collateral order which this Court has approved on an interim basis.

11. The Debtors desire to employ the Restructuring Officers because of their extensive experience concerning restructuring of companies in and out of bankruptcy. The Debtors believe that if they were not permitted to employ the Restructuring Officers, the prospects for a successful reorganization of the Debtors' estates would be significantly impaired.

12. The Debtors believe that the fees and compensation of the Restructuring Officers and the terms for payment and the collateral, as set forth herein and in the Letter Agreement,

are fair and reasonable in light of industry practice, market rates both in and out of chapter 11 proceedings, the Restructuring Officers' experience in reorganizations, the magnitude and complexity of these cases, and the scope of work to be performed.

13. This Court has approved the retention of professionals pursuant to 11 U.S.C. § 105 on similar terms and conditions in other cases. *See In re Maidenform*, No. 97-44869 (Oct. 31, 1997) (Judge Blackshear); *In re Forstmann & Company, Inc.*, No. 95-44190 (Dec. 7, 1995) (Judge Garrity).

14. The Debtors have provided the Restructuring Officers with a retainer in the amount of $250,000 (the "Retainer"). The Retainer will be held until the conclusion of these cases and will be applied against any unpaid fees and expenses of the Restructuring Officers, with the remainder, if any returned to the Debtors.

## **PROCEDURE**

15. The Debtors submit that no novel issue of law is presented with respect to the matters contained herein and respectfully request that, in the absence of any objection from the office of the U.S. Trustee, the requirement of a memorandum of law, pursuant to Local Bankruptcy Rule 9013-1(b), be waived.

16. Except to the extent this Application presents matters included in the Retention Application, no previous application for the relief sought herein has been made by the Debtors to this or any other court.

17. Notice of this Application is being given to the United States Trustee; the Unsecured Creditors' Committee; the Chase Manhattan Bank, N.A., as Agent under the Senior

Secured Credit Facility; Gibson, Dunn & Crutcher, counsel for the unofficial gateway committee; and Wachtell, Lipton, Rosen & Katz, counsel for Motorola, Inc. Each of these parties received notice of the Retention Application. In light of the nature of the relief requested, Debtors submit, and request that this Court hold, that no further notice is required.

# CONCLUSION

WHEREFORE, the Debtors respectfully request the Court to enter an order, substantially in the form annexed hereto, granting the relief requested herein and granting such other and further relief as may be just and proper.

           Respectfully submitted,

           WILMER, CUTLER & PICKERING
           Attorneys for the Debtors

           BY: /s/ Eric R. Markus
               William J. Perlstein (WP 1073)
               Thomas W. White (TW 7604)
               Eric R. Markus (EM 3204)
               2445 M Street, N.W.
               Washington D.C. 20037
               (202) 663-6000

Dated:        New York, New York
                October 6, 1999

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| IRIDIUM OPERATING LLC, ) | Chapter 11 Case No. 99-45005(CB) |
| IRIDIUM LLC, ) | |
| IRIDIUM IP LLC, ) | |
| IRIDIUM CAPITAL CORP., ) | |
| IRIDIUM ROAMING LLC, ) | (Jointly Administered) |
| IRIDIUM (POTOMAC) LLC, ) | |
| ) | |
| Debtors. ) | |
| _____ ) | |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF THE
RESTRUCTURING OFFICERS, PURSUANT TO SECTION 105 OF THE BANKRUPTCY
CODE, NUNC PRO TUNC TO SEPTEMBER 13, 1999; AND THE
<u>GRANT OF A LIEN PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE</u>**

Upon the application, dated October 6, 1999 (the "Application"[1]), of Iridium Operating LLC ("Iridium"), Iridium Capital Corp. ("Capital"), Iridium LLC ("Parent"), Iridium IP LLC ("IP"), Iridium (Potomac) LLC ("Potomac"), and Iridium Roaming LLC ("Roaming"), the debtors and debtors in possession in the above-captioned cases (the "Debtors"), for an order, pursuant to section 105 of Title 11 of the United States Code (the "Bankruptcy Code"), approving employment and retention of Joseph A. Bondi, David Gibson and certain other employees of Alvarez & Marsal, Inc. ("A&M") whom the Debtors wish to retain and who are or will be named officers of one or more of the Debtors (the "Restructuring Officers") in accordance with a letter agreement between the Restructuring Officers and the Debtors, dated September 1, 1999 (the "Letter Agreement"), as modified by the

---

[1]/ Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application related hereto (the "Section 105 Application").

Section 105 Application and this Order, and the granting of a lien to secure certain obligations pursuant to section 363 of the Bankruptcy Code; and the Court having reviewed a copy of the Letter Agreement; and it appearing that the Restructuring Officers are not professional persons required to be retained pursuant to section 327 of the Bankruptcy Code; and the Court having been satisfied (on review of the Affidavit of Joseph A. Bondi, filed with this Court on September 10, 1999) that (i) the Restructuring Officers and/or A&M do not represent any interest adverse to the Debtors and their respective estates as to the matters upon which the Restructuring Officers are to be employed, and (ii) the employment of the Restructuring Officers is necessary and in the best interests of the Debtors, their estates and creditors; and the Court having jurisdiction to consider the Section 105 Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the Section 105 Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Section 105 Application having been given to the United States Trustee; the Official Committee of Unsecured Creditors in these cases; The Chase Manhattan Bank, N.A., as Agent; counsel for the unofficial gateway committee; and counsel for Motorola, Inc., and it appearing that no other or further notice need be given; and it appearing that the relief requested in the Section 105 Application is in the best interests of the Debtors, their estates, and their creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore it is

ORDERED that, pursuant to section 105 of the Bankruptcy Code, the Debtors' retention of the Restructuring Officers as officers and otherwise in accordance with the terms

of the Letter Agreement, as amended by the terms of the Section 105 Application and hereby, is approved *nunc pro tunc* to September 13, 1999; and it is further

ORDERED, that the Restructuring Officers be compensated for their services pursuant to the terms of the Letter Agreement, as amended by the terms of the Section 105 Application and hereby, including, but not limited to, the flat monthly fee of $250,000 on account of all services rendered and to be rendered by the Restructuring Officers, which may be paid by the Debtors on an ongoing basis; and the consummation fee of $2,000,000, to be paid upon the consummation of a Chapter 11 plan of reorganization, as provided for in the Letter Agreement, and it is further

ORDERED, that the Restructuring Officers will be indemnified as officers to the full extent allowed by Delaware law and the Debtor's organizational documents, superseding the indemnity provisions attached to and incorporated in the Letter Agreement; and it is further

ORDERED, that the Debtors will indemnify A&M according to the following terms: notwithstanding the provisions of the Letter Agreement (as filed with the Retention Application), the Debtors will indemnify A&M (and its employees, shareholders, representatives and agents) as if it were an officer of the Debtors in connection with Proceedings (i) relating to acts or omissions of a Restructuring Officer for which, if raised in a Proceeding, such Restructuring Officer would be entitled to indemnification as an officer of the Debtors or (ii) in which one or more Restructuring Officers is (or would be, if made a party to such Proceeding) entitled to indemnification as an officer of the Debtors; and it is further

ORDERED that the indemnity provisions attached to the Letter Agreement (as filed with the Retention Application) shall be further modified to delete the *proviso* in paragraph D. which

3

reads "and further provided that in no event will the Indemnified Parties' aggregate contribution for all losses, claims, damages, liabilities and expenses with respect to which contribution is available hereunder exceed the amount of fees actually received by the Indemnified Parties pursuant to the Agreement;" and it is further

ORDERED, that the Restructuring Officers will hold the Retainer (as such term is defined in the Section 105 Application) that A&M received pursuant to the Letter Agreement (as filed with the Retention Application) until the conclusion of these chapter 11 cases and said Retainer will be applied against any unpaid fees and expenses of the Restructuring Officers, with the remainder, if any, to be returned to the Debtors, as applicable; and it is further

ORDERED that the Debtors, as debtors in possession, are authorized to provide collateral to the Restructuring Officers in the manner and amount, and for the purposes, set forth in the Letter Agreement, as amended by the Section 105 Application and hereby, effective as of the entry of an order for relief in these cases, and it is further

ORDERED that, to the extent of any conflict or inconsistency between the Letter Agreement (as filed with the Retention Application) and this Order, the provisions of this Order shall control; and it is further

ORDERED that the requirement pursuant to Local Bankruptcy Rule for the Southern District of New York 9013-1(b) that the Debtors file a memorandum of law in support of the Section 105 Application is hereby waived.

Dated:     New York, New York
           October __, 1999

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Hon. Cornelius Blackshear
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE

No Objection:

_____
Office of the U.S. Trustee