William J. Perlstein (WP 1073)  **Hearing Date:** October 12, 1999
Thomas W. White (TW 7604)                         2:00 p.m.
Eric R. Markus (EM 3204)
WILMER, CUTLER & PICKERING   **Objection Date:** October 12, 1999
2445 M Street, N.W.                                10:00 a.m.
Washington, D.C. 20037
(202) 663-6000

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| IRIDIUM OPERATING LLC, | ) | Chapter 11 Case No. 99-45005(CB) |
| IRIDIUM LLC, | ) | |
| IRIDIUM IP LLC, | ) | |
| IRIDIUM CAPITAL CORP., | ) | |
| IRIDIUM ROAMING LLC, | ) | (Jointly Administered) |
| IRIDIUM (POTOMAC) LLC, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |

**AMENDED APPLICATION FOR ORDER PURSUANT TO SECTIONS 327(a), 328, AND 504 OF THE BANKRUPTCY CODE AND FED. R. BANKR. P. 2014(a) AUTHORIZING EMPLOYMENT AND RETENTION OF DONALDSON, LUFKIN & JENRETTE SECURITIES CORPORATION AS FINANCIAL ADVISOR TO THE DEBTORS, NUNC PRO TUNC TO SEPTEMBER 13, 1999**

Iridium Operating LLC ("Iridium"), Iridium Capital Corp. ("Capital"), Iridium LLC ("Parent"), Iridium IP LLC ("IP"), Iridium (Potomac) LLC ("Potomac"), and Iridium Roaming LLC ("Roaming"), debtors and debtors in possession (collectively, the "Debtors") hereby apply to this Court for an order pursuant Section 327(a), 328 and 504 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure ("the Bankruptcy Rules") authorizing Debtors to retain Donaldson, Lufkin & Jenrette Securities Corporation ("DLJ") as financial advisor for the Debtors in these Chapter 11 cases, effective as of the Conversion Date (as

defined below).  In support of this Amended Application (the "Amended Application"), the Debtors respectfully state and represent as follows:

1. The Debtors own and operate a global telecommunications system (the "Iridium System") that is designed to permit telephone calls and pages to be made and received on a global basis outside the coverage areas of traditional terrestrial wireline and wireless systems.

2. On August 13, 1999 (the "Petition Date"), certain holders of the Debtors' senior notes filed involuntary bankruptcy petitions against Iridium and Capital in this Court.  Also on August 13, 1999, Parent, Iridium, Capital and Iridium World Communications Limited ("IWCL") filed voluntary petitions in the United States Bankruptcy Court for the District of Delaware.  On August 16, 1999, this Court entered an order staying all proceedings in these cases in Delaware and permitting Debtors to operate their businesses pursuant to 11 U.S.C. § 303(f).  On September 7, 1999, Iridium and Capital filed their answer to the involuntary petition consenting to the jurisdiction of this Court over their chapter 11 cases.  On September 13, 1999 (the "Conversion Date"), this Court entered an order for relief with respect to the involuntary petitions, and also ordered that the voluntary cases filed in Delaware on behalf of Parent, Iridium, Capital and IWCL be transferred to this Court.  Also on the Conversion Date, IP, Roaming and Potomac filed voluntary petitions in this Court.   No trustee or examiner has been appointed in these chapter 11 cases.  At an organizational meeting of creditors held September 17, 1999, the U.S. Trustee, pursuant to 11 U.S.C. § 1102, appointed an Official Committee of Unsecured Creditors (the "Unsecured Creditors' Committee") in these cases.  No other official committee has yet been appointed.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The basis for the relief sought herein is found in section 105 of the Bankruptcy Code. Venue of the Debtors' chapter 11 cases and this Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Debtors are continuing to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## RELIEF REQUESTED AND THE BASIS THEREFOR

5. On September 10, 1999, the Debtors filed an Application, pursuant to section 327 of the Bankruptcy Code and Bankruptcy Rule 2014, for an order authorizing the Debtors to retain and employ DLJ as Financial Advisor (the "Retention Application"), together with an affidavit of Thomas M. Benninger in support thereof.

6. The Retention Application was brought before this Court at the first-day hearing held on September 13, 1999. At that hearing, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") raised concerns it had concerning certain aspects of the proposed retention. In view of the U.S. Trustee's concerns, the Debtors agreed to defer consideration of the Retention Application pending further discussions with the U.S. Trustee. By agreeing to defer the consideration of an otherwise properly presented first-day motion, the Debtors reserved the right to seek the retention of the DLJ as Financial Advisor *nunc pro tunc* to the Conversion Date.

7. The Debtors discussed the issues raised by the Retention Application with the U.S. Trustee. As reported to the Court on September 29, 1999, the Debtors and the U.S. Trustee

have had productive discussions, which have focused on the appropriateness of the proposed indemnity provisions. Based on discussions which have occurred since that date, the Debtors have modified the indemnity provisions in an effort to address the U.S. Trustee's concerns, although no final agreement has been reached. In the event the Office of the U.S. Trustee objects to the relief sought herein, Debtors will file a Memorandum of Law in support of this Amended Application. By direction of the Court and with the agreement of the Office of the U.S. Trustee, that Memorandum will be filed no later than 10:00 a.m. on October 12, 1999.

8. The terms of the proposed retention are set forth in an interlineated version of the Letter Agreement, attached as Exhibit A hereto. In sum, the revisions provide that DLJ will not be indemnified for willful misconduct, gross negligence, or ordinary negligence. Thus, in essence, under the current proposal, DLJ would not be indemnified (and would have to repay any amounts advanced for the cost of defending the suit) if DLJ were found negligent or to have engaged in willful misconduct or gross negligence. The revisions also alter the indemnity terms with respect to the scope of DLJ's liability to the Debtors. The financial terms of the retention have also been revised, as reflected in the interlineated Letter Agreement.

9. The proposed compensation terms, including the indemnification terms as modified herein, are "reasonable terms and conditions of employment," 11 U.S.C. § 328(a), in light of "the particular facts and circumstances surrounding [this] case and the proposed retention." *In re Arochem*, 176 F.3d 610, 621 (2d Cir. 1999). Specifically, the indemnification of an investment bank is appropriate, when viewed in light of the broader indemnifications typically provided to investment banks under contracts for "comparable services in non-bankruptcy cases." *In re Ames Department*

*Stores*, 76 F.3d 66, 71 (2d Cir. 1996). Unlike attorneys, investment bankers are not prohibited from seeking indemnification by a code of professional conduct or applicable law.

**PROCEDURE**

10. The Debtors submit that no novel issue of law is presented with respect to the matters contained herein and respectfully request that, in the absence of any objection, the requirement of a memorandum of law, pursuant to Local Bankruptcy Rule 9013-1(b), be waived.

11. Except to the extent this Application presents matters included in the Retention Application, no previous application for the relief sought herein has been made by the Debtors to this or any other court.

12. Notice of this Amended Application is being given to the United States Trustee; the Unsecured Creditors' Committee; the Chase Manhattan Bank, N.A., as Agent under the Senior Secured Credit Facility; Gibson, Dunn & Crutcher, counsel for the unofficial gateway committee; and Wachtell, Lipton, Rosen & Katz, counsel for Motorola, Inc. Each of these parties received notice of the Retention Application. In light of the nature of the relief requested, Debtors submit, and request that this Court hold, that no further notice is required.

# CONCLUSION

WHEREFORE, the Debtors respectfully request the Court to enter an order, substantially in the form annexed hereto, granting the relief requested herein and granting such other and further relief as may be just and proper.

Respectfully submitted,

WILMER, CUTLER & PICKERING
Attorneys for the Debtors


BY: /s/ Eric R. Markus
William J. Perlstein (WP 1073)
Thomas W. White (TW 7604)
Eric R. Markus (EM 3204)
2445 M Street, N.W.
Washington D.C. 20037
(202) 663-6000


Dated:    New York, New York
          October 6, 1999

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| IRIDIUM OPERATING LLC, | ) | Chapter 11 Case No. 99-45005(CB) |
| IRIDIUM LLC, | ) | |
| IRIDIUM IP LLC, | ) | |
| IRIDIUM CAPITAL CORP., | ) | |
| IRIDIUM ROAMING LLC, | ) | (Jointly Administered) |
| IRIDIUM (POTOMAC) LLC, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |

**ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE
AUTHORIZING THE EMPLOYMENT AND RETENTION OF
DONALDSON, LUFKIN & JENRETTE SECURITIES CORPORATION
AS FINANCIAL ADVISOR TO THE DEBTORS**

Upon the Amended Application, dated October 6, 1999 (the "Amended Application"[1]) of Iridium Operating LLC ("Iridium"), Iridium Capital Corp. ("Capital"), Iridium LLC ("Parent"), Iridium IP LLC ("IP"), Iridium (Potomac) LLC ("Potomac"), and Iridium Roaming LLC ("Roaming"), the debtors and debtors in possession in the above-captioned cases (the "Debtors"), for an order, pursuant to section 327(a) of title 11, United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2014 authorizing the Debtors to employ and retain the firm of Donaldson, Lufkin & Jenrette Securities Corporation ("DLJ") as financial advisor to the Debtors; and upon the affidavit of Thomas M. Benninger, a Managing Director of the firm, in support of the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Amended Application related hereto (the "Amended Application").

Application for the Retention of DLJ, filed September 10, 1999 (the "Affidavit"); and the Court being satisfied based upon the representations made in the Amended Application and Affidavit that said financial advisor represents no interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged, that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that their employment is necessary and in the best interests of the Debtors' estates; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Amended Application is granted, and it is further

ORDERED that, in accordance with section 327(a) of the Bankruptcy Code, the Debtors, as debtors in possession, are authorized to employ and retain the firm of Donaldson, Lufkin & Jenrette Securities Corporation as their financial advisor on the terms set forth in the Amended Application, *nunc pro tunc* to September 13, 1999.

Dated: New York, New York
October __, 1999

_____
Hon. Cornelius Blackshear
UNITED STATES BANKRUPTCY JUDGE

No Objection:

_____

2

Office of the U.S. Trustee