UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
**In re**                                                   :    **Chapter 11**
                                                            :
**IRIDIUM OPERATING LLC,**                                  :    **Case No. 99-45005 (CB)**
**IRIDIUM CAPITAL CORP.,**                                  :
**IRIDIUM IP LC,**                                          :    **Jointly Administered**
**IRIDIUM LLC,**                                            :
**IRIDIUM ROAMING LLC, and**                                :
**IRIDIUM (POTOMAC) LLC,**                                  :
                                                            :
                                                            :
                             Debtors.                       :
                                                            :
------------------------------------------------------------:
                                                            :
**In re**                                                   :    **Chapter 11**
                                                            :
**IRIDIUM WORLD**                                           :    **Case No. 99-45759 (CB)**
**COMMUNICATIONS LTD.,**                                    :
                                                            :
                             Debtor.                        :
                                                            :
------------------------------------------------------------x

**APPLICATION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF IRIDIUM OPERATING LLC,
ET AL. FOR AN ORDER UNDER BANKRUPTCY CODE
SECTIONS 328(a), 504, AND 1103 AND BANKRUPTCY RULES
2014(a) AND 2016(b) AUTHORIZING THE EMPLOYMENT AND
RETENTION NUNC PRO TUNC TO SEPTEMBER 21, 1999 OF
WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE
COMMITTEE**

TO THE HONORABLE CORNELIUS BLACKSHEAR,
UNITED STATES BANKRUPTCY JUDGE:

The official committee of unsecured creditors (the "Committee") appointed in the chapter 11 cases of Iridium Operating LLC, Iridium Capital Corp., Iridium IP LLC, Iridium LLC, Iridium Roaming LLC, Iridium (Potomac) LLC, and Iridium World Communications Ltd. (collectively, the "Debtors") submits this

application (the "Application") for an order, pursuant to sections 328(a), 504, and 1103 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the employment and retention of Weil, Gotshal & Manges LLP ("WG&M") as attorneys for the Committee, and respectfully represents:

### Background

1. On August 13, 1999 (the "Petition Date"), involuntary petitions were filed in this Court against Iridium Operating LLC ("Iridium") and Iridium Capital Corporation ("Iridium Capital"). Thereafter, also on August 13, 1999, voluntary petitions were filed by Iridium, Iridium Capital, Iridium LLC ("Parent"), and Iridium World Communications Ltd. ("IWCL") with the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court").

2. On August 16, 1999, this Court entered an order, pursuant to section 303(f) of the Bankruptcy Code, staying the petitions filed in the Delaware Bankruptcy Court. The August 16, 1999 order further provided that Iridium, Iridium Capital, Parent, and IWCL could, among other things, continue to operate their businesses as if a bankruptcy case had not been filed.

3. Iridium and Iridium Capital filed their answer to the involuntary petitions on September 7, 1999, consenting to the entry of an order for relief in this Court. On that same date, Parent, Iridium, Iridium Capital, and IWCL requested that an order for relief and an order transferring their voluntary cases to this Court be entered. On September 13, 1999, Iridium IP LLC ("Iridium IP"), Iridium Roaming LLC ("Iridium Roaming"), and Iridium Potomac LLC ("Iridium Potomac") (together with Iridium

Capital, collectively, the "Subsidiaries") filed voluntary petitions in this Court. The voluntary petitions filed in the Delaware Bankruptcy Court were transferred to this Court by order entered September 14, 1999.

4. The Debtors' chapter 11 cases pending in this Court, with the exception of IWCL, have been procedurally consolidated. The Debtors have continued to manage their properties and operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. Under section 1102(a) of the Bankruptcy Code, on September 17, 1999, the United States Trustee formed the Committee and appointed the following persons and entities to serve as its members: Cypress Advisors, Inc.; Wall Financial Investments (USA) Limited; State Street Bank and Trust Company, in its capacity as indenture trustee; Trendex Capital Management; and Gary Himber. Mr. Himber subsequently resigned from the Committee.

6. Two of the five members of the Committee previously served on a prepetition, non-statutory committee (the "Unofficial Bondholders Committee") with other creditors, as representatives of the holders of the approximately $1.45 billion of aggregate principal in Senior Notes (series A, B, C, and D) co-issued by Iridium Operating LLC and Iridium Capital Corp., in connection with certain prepetition negotiations with the Debtors and Motorola, Inc. ("Motorola") as well as the involuntary bankruptcy petition filed against Iridium Operating LLC and Iridium Capital Corp. by Canyon Capital Advisors LLC, The Value Realization Fund, Magten Partners, and Wall Financial Investments (USA) Ltd.

7. The Unofficial Bondholders Committee, consisting of the following members: Wall Financial Corporation, Canyon Capital Advisors LLC, Magten Asset Management Corporation, Conseco Capital Management Corporation, Alliance Capital Management L.P., and Trendex Capital Management, had retained WG&M to represent it in these matters. WG&M rendered general legal services and advice to the Unofficial Bondholders Committee. In connection with its representation of the Unofficial Bondholders Committee, WG&M's was paid by Iridium prepetition fees in the amount of $650,541.44 and expenses in the amount of $50,208.15. There remains a balance of $81,158.62 or the prepetition retainer paid by Iridium to WG&M. The remainder of that retainer will be applied to fees and expenses incurred between the petition date and the date that WG&M was appointed as counsel to the Committee. WG&M continued to represent the Unofficial Bondholders Committee from the petition date until the time that it was appointed as counsel to the Committee.

8. Since June 1, 1999, WG&M has worked closely with the financial advisor to the Unofficial Bondholders Committee, Houlihan Lokey ("Houlihan"), to make proposals to Motorola and the Debtors to restructure the Debtors. Further, WG&M has engaged in, among other things, (i) extensive research regarding the rights of creditors vis-à-vis Motorola and the Debtors, (ii) numerous meetings and interviews with Motorola and the Debtors to learn about the complex IRIDIUM system and how it works, and (iii) substantial corporate and tax analysis.

9. Pursuant to a meeting of the Committee on September 17, 1999, and continued on September 21, 1999, the Committee determined to retain, subject to this Court's approval, the law firm of WG&M as its attorneys. On September 21, 1999, the

Committee interviewed and considered another law firm before determining to retain WG&M. Accordingly, the Committee believes that it had sufficient information to make an informed decision.

**Relief Requested**

10. By this Application, the Committee requests entry of an order, pursuant to sections 328(a), 504, and 1103 of the Bankruptcy Code, approving its employment and retention of WG&M as attorneys for the Committee to perform services in connection with the Debtors' chapter 11 cases.

11. Section 328(a) of the Bankruptcy Code provides that a statutory committee may employ attorneys "on any reasonable terms and conditions." The Committee requests approval of its retention of WG&M at its normal and customary hourly rates, as charged from time to time. The Committee submits the rates charged by WG&M are reasonable by virtue of their acceptance in the marketplace for legal services on a daily basis.

12. WG&M is a national law firm with its principal offices located at 767 Fifth Avenue, New York, New York 10153. WG&M also has offices in Washington, D.C.; Houston and Dallas, Texas; Miami, Florida; Menlo Park, California; and international offices in London, United Kingdom; Budapest, Hungary; Warsaw, Poland; Brussels, Belgium; and Prague, Czechoslovakia. The Committee believes that WG&M is both well qualified and uniquely able to represent it as its attorneys in these chapter 11 cases in an efficient and timely manner because of the firm's extensive experience and knowledge and, in particular, its recognized expertise in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the

Bankruptcy Code. Indeed, as part of that practice, WG&M has represented numerous debtors in their respective chapter 11 cases. In addition, WG&M has represented numerous creditor and bondholder committees in chapter 11 cases. Accordingly, WG&M has the necessary background to deal effectively with many of the potential legal issues and problems which may arise in the context of these chapter 11 cases.

13. The Committee has been informed that Corinne Ball, John Rapisardi, and Paul Leake, who are members of WG&M, will be primarily responsible in representing the Committee in these chapter 11 cases. Ms. Ball, Messrs. Rapisardi and Leake, as well as certain other members and associates who will be employed in these chapter 11 cases, are members in good standing of, among others, the Bar of the State of New York and the United States District Court for the Southern District of New York.

### Services to Be Rendered

14. Among the services WG&M will be required to render on behalf of the Committee are:

    a. consultation with the Committee, the Debtors, and the United States Trustee concerning the administration of these cases;

    b. investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors, the operation of the Debtors' businesses, and the feasibility of prosecuting various actions in connection with the issuance of securities, and any matters relevant to these cases in the event and to the extent required by the Committee;

    c. to take all necessary action to protect the rights and interests of the Committee, including but not limited to negotiations and preparation of documents relating to the Debtors' plan of reorganization, disclosure statement, and confirmation of such plan;

    d. to represent the Committee in connection with the exercise of its powers and duties under the Bankruptcy Code and in connection with these chapter 11 cases; and

e. to perform all other necessary legal services in connection with these chapter 11 cases.

15. To the best of the Committee's knowledge, based on the affidavit of John J. Rapisardi, sworn to on October 12, 1999 (the "Rapisardi Affidavit") annexed hereto as Exhibit A, WG&M does not hold or represent an interest adverse to the Committee in the matters upon which WG&M is to be employed, except as disclosed therein.

16. As disclosed in the Rapisardi Affidavit, WG&M has represented in connection with these chapter 11 cases those members of the Committee, and other unsecured creditors, who served on the Unofficial Bondholders Committee. WG&M also represents Sprint Spectrum in matters not related to these chapter 11 cases. In connection with this representation, WG&M has established a screen between this matter and matters in which WG&M represents Sprint Spectrum.[1]

17. Further, parties who hold one of the 20 largest unsecured claims or other alleged significant claims against the Debtors, may be (i) current clients of WG&M in matters unrelated to these chapter 11 cases; (ii) former clients of WG&M in matters unrelated to these cases, or (iii) separate affiliates of clients who are (or were) represented by WG&M in matters unrelated to these cases.

18. In the event that WG&M discovers any other connections with any parties in interest, or any other information pertinent to this Application under the requirements of Bankruptcy Rule 2014, a subsequent disclosure shall be promptly made.

---

[1] Neither Sprint Spectrum nor the banks listed in Exhibit 1 to the Rapisardi Affidavit make up any significant portion of WG&M's revenues. In fact, none of those entities account for even 1 percent of the firm's gross revenue over the past two years.

19. The Committee does not believe that such representations by WG&M create any adverse interest in connection with the Debtors' chapter 11 cases. Moreover, to the best of the Committee's knowledge, the members and associates of WG&M do not hold or represent any adverse interest in connection with these chapter 11 cases as a result of any other representations, except as may be set forth in the Rapisardi Affidavit.

20. WG&M has stated its desire and willingness to act in these cases and render the necessary professional services as attorneys for the Committee.

21. WG&M intends to apply to the Court for allowance of compensation for professional services rendered in connection with these cases based on its usual hourly rates then in effect and to request reimbursement of expenses, in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of the Court. As stated in paragraph 9 above, the Committee is requesting an order approving its retention of WG&M at WG&M's normal and hourly rates. The Committee submits that WG&M's customary hourly rates in effect from time to time, as set forth in the Rapisardi Affidavit, are reasonable.

22. At the request of certain of the members of the Committee, WG&M has rendered services from the Petition Date through and including the date hereof in connection with advising such members on issues arising during the initial phase of these chapter 11 cases. WG&M's prior representation of the Unofficial Bondholders Committee prior to the commencement of these chapter 11 cases uniquely qualifies it to represent the Committee.

23. Although the effective petition date of the above-captioned chapter 11 cases is on or about September 13, 1999, the Committee was not organized until September 17, 1999 and did not select WG&M as its counsel until September 21, 1999. Further, due to WG&M's extensive relationships with many banks, the process of investigating such contacts for proper disclosure was very time consuming. Although the Committee has requested that WG&M continue to render such services pending approval of this Application by the Court, WG&M have rendered minor services in this interim period. Accordingly, the Committee requests that the retention of WG&M be authorized effective as of September 21, 1999, the Petition Date.

24. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Application has been given to the United States Trustee and the attorneys for the Debtors. The Committee submits that no other or further notice need be given.

25. No previous application for the relief sought herein has been made by the Committee to this or any other Court.

26. As there are no novel issues of law raised by this Application, and the Application contains a brief description of relevant law, the Committee respectfully requests that this Court waive the requirement of Local Rule 9013-1(b) that a memorandum of law be filed.

**WHEREFORE,** the Committee requests that the Court enter an order (i) approving the employment and retention of WG&M as attorneys to the Committee, effective as of September 21, 1999, at WG&M's normal and customary hourly rates and (ii) granting the Committee such other and further relief as is just.

Dated: New York, New York
October 12, 1999

                                            THE STATUTORY CREDITORS'
COMMITTEE OF IRIDIUM OPERATING
LLC, IRIDIUM CAPITAL CORP.,
IRIDIUM IP LLC, IRIDIUM LLC,
IRIDIUM ROAMING LLC, IRIDIUM
(POTOMAC) LLC, AND IRIDIUM
WORLD COMMUNICATIONS LTD.


                                            By: /s/ John Dixon
                                                Its Chairperson