John J. Rapisardi, Esq. (JR 7781)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Attorneys for the Official Committee of
Unsecured Creditors of Iridium Operating LLC, et al.

Presentment Date and Time
October 20, 1999
at 12:00 noon

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                :

In re                            :       **Chapter 11**
                                :

**IRIDIUM OPERATING LLC,**     :       **Case No. 99-45005 (CB)**
**IRIDIUM CAPITAL CORP.,**
**IRIDIUM IP LC,**              :       **Jointly Administered**
**IRIDIUM LLC,**
**IRIDIUM ROAMING LLC, and**  :
**IRIDIUM (POTOMAC) LLC,**
                                :

             **Debtors.**    :

------------------------------------------------------------:
                                :

In re                            :       **Chapter 11**
                                :

**IRIDIUM WORLD**          :       **Case No. 99-45759 (CB)**
**COMMUNICATIONS LTD.,**    :

             **Debtor.**    :
                                :
------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF ORDER PURSUANT TO SECTIONS 327 and 328(a)**
**OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND**
**RETENTION OF HOULIHAN LOKEY HOWARD & ZUKIN AS FINANCIAL**
**ADVISOR TO THE OFFICIAL UNSECURED CREDITORS' COMMITTEE**

        PLEASE TAKE NOTICE that upon the annexed application of Iridium Operating

LLC, Iridium Capital Corp., Iridium IP LLC, Iridium LLC, Iridium Roaming LLC, Iridium

(Potomac) LLC, and Iridium World Communications Ltd. (collectively, the "Debtors"), dated

October 12, 1999 (the "Application"), the undersigned will present the proposed order annexed to the Application to the Honorable Cornelius Blackshear, United States Bankruptcy Judge, for signature on October 20, 1999 at 12:00 noon.

PLEASE TAKE FURTHER NOTICE that unless a written objection to the proposed order, with proof of service, is filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers at least three days before the date of presentment there will not be a hearing and the order may be signed.

PLEASE TAKE FURTHER NOTICE that if a written objection is timely filed, the Court will notify the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice. The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

Dated: New York, New York
      October 20, 1999

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF IRIDIUM OPERATING LLC, ET AL. AND COMMUNICATIONS LTD.

By: _____
    Its: Chairman

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| In re: | ) |
| IRIDIUM OPERATING LLC., | ) Chapter 11 Case Nos. 99-45005-CB |
| IRIDIUM CAPITAL CORP., | ) and 99045006-CB |
| IRIDIUM IP LLC, | ) |
| IRIDIUM LLC, | ) |
| IRIDIUM ROAMING LLC, | ) (Jointly Administered) |
| IRIDIUM (POTOMAC) LLC | ) |
| IRIDIUM WORLD COMMUNICATIONS LTD. | ) |
| | ) |

_____ )

### APPLICATION FOR ORDER PURSUANT TO SECTIONS 327 AND 328(a) OF THE BANKRPUTCY CODE AND FED. R. BANKR. P. 2014(a) AUTHORIZING EMPLOYMENT OF AND RETENTION OF HOULIHAN, LOKEY, HOWARD & ZUKIN CAPITAL AS FINANCIAL ADVISOR TO THE OFFICIAL UNSECURED CREDITORS' COMMITTEE

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession herein (the "Debtors"), hereby moves this Court for an order, pursuant to Section 327 and 328(a) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Committee to retain and employ Houlihan Lokey Howard & Zukin Capital ("Houlihan Lokey"), pursuant to the terms of its engagement letter attached hereto as Exhibit "A" (the "Engagement Letter"), in accordance with section 328(a) of the Bankruptcy Code, as its financial advisors, nunc pro tunc[1], effective as of September 17, 1999, and, in support thereof, represent as follows:

_____

[1] In the interest of providing appropriate disclosure regarding conflicts, Houlihan Lokey needed sufficient time to complete a proper conflict check. As a result, this application was not filed earlier.

BACKGROUND

1.      The Debtors own and operate a global telecommunications system (the "Iridium System") that is designed to permit telephone calls and pages to be made and received on a global basis. The central component of the Iridium System is a constellation of 66 operational low earth orbiting satellites and additional satellites as in-orbit spares that are owned by Iridium. The first launch of Iridium System satellites occurred on May 5, 1997, and the Iridium System was placed into commercial service as a complete constellation on November 1, 1998. The Iridium System has been licensed by the Federal Communication Commission, and the operation of the Iridium System and its use for the provision of commercial services is subject to regulation by both the Federal Communications Commission and numerous foreign administrations.

2.      On August 13, 1999 (the "Petition Date"), certain holders of the Debtors' senior notes filed involuntary bankruptcy petitions against Iridium Operating LLC ("Iridium") and Iridium Capital Corp. ("Capital") in this Court. Also on August 13, 1999, Iridium LLC ("Parent"), Iridium, Capital and Iridium World Communications Ltd. ("IWCL") filed voluntary petitions in the Bankruptcy Court for the District of Delaware. Parent, Iridium, Capital and IWCL have requested that an order for relief and an order transferring their voluntary cases to this Court be entered on September 13, 1999 (the "Conversion Date"). Also on the Conversion Date, Iridium IP LLC ("IP"), Iridium Roaming LLC ("Roaming"), and Iridium (Potomac) LLC ("Potomac") filed voluntary petitions in this Court.

3.      On September 17, 1999, the United States Trustee appointed the Committee. On that date, the Committee duly selected Houlihan Lokey to provide financial advisory services to the Committee during the pendency of these Chapter 11 cases.

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28. U.S.C. § 157(b)(2). The basis for the relief sought herein is Section 327 and Section 328(a) of the Bankruptcy Code. Venue of the Debtor's chapter 11 cases and this Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**RELIEF REQUESTED**

5.     The Committee requires the services of experienced financial advisors to assist and advise it in these Chapter 11 cases. Houlihan Lokey has extensive experience advising debtors, creditors, investors and court-appointed officials in bankruptcy proceedings and out-of-court workouts, and also has the capacity and experience to testify in Court in support of its findings of work performed. In addition, prior to the filing of the Debtors' Chapter 11 cases, Houlihan Lokey was retained as financial advisor to the ad hoc committee (the "Ad Hoc Committee") of holders of public debt securities (the "Public Debt") issued by Iridium Operating LLC, to wit, Iridium's 13% Senior Notes Due 2005, Series A; 14% Senior Notes Due 2005, Series B; 11.25% Senior Notes Due 2005, Series C; and the 10.875% Senior Notes Due 2005, Series D. During the course of its activities on behalf of the Ad Hoc Committee, Houlihan Lokey worked with the law firm of Weil, Gotshal & Manges LLP to, among other things, review and analyze the Debtors' financial condition, business operations, financial projections and business plan in order to negotiate with the Debtors on behalf of the Ad Hoc Committee regarding a proposed restructuring of the Public Debt and the Debtors' other indebtedness. Accordingly, the Committee urges this Court to grant the within application to retain Houlihan Lokey.

6.     The Committee anticipates that Houlihan Lokey will be required to provide, without limitation, the following services:

(a)    Analyzing and reviewing the financial and operating statements of the Debtors and their subsidiaries;

(b)    Analyzing the business plans and forecasts of the Debtors and their subsidiaries;

(c)    Evaluating the assets and liabilities of the Debtor and their subsidiaries;

(d)    Providing such specific valuation analyses and debt capacity analysis the Committee may require in connection with the case;

(e)    Devising appropriate strategies to maximize the value to be received by the unsecured creditors in this case;

(f) Assessing the financial issues and options concerning the Debtors plan of reorganization (the "Plan");

(g) Preparation, analysis and explanation to various constituencies of the Plan;

(h) Providing testimony in court on behalf of the Committee, if necessary; and

(i) Providing the Committee with any other necessary services as the Committee or the Committee's counsel may request from time to time with respect to the financial, business and economic issues that may arise.

7. The services to be provided by Houlihan Lokey will not be duplicative of services to be provided by any other professionals retained by the Committee.

8. Houlihan Lokey has informed the Committee that it does not, based upon information, knowledge and belief, represent any other entity having an adverse interest in connection with the matters for which it is to be retained in these cases, except to the extent set forth in the affidavit of Alan D. Fragen (the "Fragen Affidavit") attached hereto as Exhibit "B".

9. As set forth in the Engagement Letter, Houlihan Lokey has agreed to make appropriate application to this Court for compensation in compliance with the Bankruptcy Code and the Bankruptcy Rules. Houlihan Lokey will be paid in accordance with the terms of the attached Engagement Letter, which provides for a fee of $150,000 per month. In addition, Houlihan Lokey will be paid a deferred fee in the amount equal to 1% of the aggregate consideration received by the holders (the "Noteholders") of Iridium's 13% Senior Notes Due 2005, Series A; 14% Senior Notes Due 2005, Series B; 11.25% Senior Notes Due 2005, Series C; and the 10.875% Senior Notes Due 2005, Series D in connection with a Restructuring Transaction (as defined in the Engagement Letter). It is clearly understood that the monthly fees and the deferred fee are obligations of the Company and, furthermore, that such deferred fee will not count as an offset against the aggregate consideration received by the Noteholders.

10. In addition to the compensation set out above, and subject to the approval of this Court, Houlihan Lokey has agreed to make appropriate application to this Court for reimbursement of expenses by the Debtors for any actual and necessary reasonable expenses incurred by it during the course of its

engagement. The expenses to be charged may include, among other things, telephone and telecopier toll charges, photocopying charges, travel expenses, expenses for working meals, as well as other non-ordinary overhead expenses.

11.     Houlihan Lokey intends to apply to the Court for allowance of compensation and reimbursement of reasonable expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy rules, and the rules of this Court. Houlihan Lokey employees do not keep hourly records as the maintenance of hourly records is not customary for investment banking services. In addition, industry standards dictate that the maintenance of hourly records is not necessary as compensation is standard, predetermined and market-based. Therefore, Houlihan Lokey expects that its application for compensation will be based on a narrative description of its services rather than on hourly time records.

12.     The Committee believes that the fees of Houlihan Lokey, set forth herein, in the Engagement Letter, and the Fragen Affidavit are fair and reasonable in light of industry practice, market rates both in and out of Chapter 11 cases, Houlihan Lokey's experience in reorganizations, and the scope of work to be performed pursuant to its retention.

**<u>PROCEDURE</u>**

13.     Notice of this motion is being provided to the United States Trustee. In light of the nature of the relief requested herein, the Committee submits and requests that this Court hold that no further notice is required.

14.     The Committee submits that no novel issue of law its presented with respect to the matters contained herein and respectfully requests that the requirement of a memorandum of law, pursuant to Local Bankruptcy Rule 9013-1(b), be waived.

15.     No previous application for the relief sought herein has been made by the Committee to this or any other court.

**CONCLUSION**

16.    WHEREFORE, the Committee respectfully requests the Court to enter an order, substantially in the form annexed hereto, granting the relief requested herein and granting such other and further relief as may be just and proper.

> THE OFFICICIAL COMMITTEE OF UNSECURED CREDITORS OF IRIDIUM OPERATING LLC, IRIDIUM CAPITAL CORP., IRIDIUM IP LLC, IRIDIUM LLC, IRIDIUM ROAMING LLC, IRIDIUM (POTOMAC) LLC, AND IRIDIUM WORLD COMMUNICATIONS LTD.

> Respectfully submitted,

> By: _____

> Its:

Dated:  October __, 1999

# EXHIBIT A

## RETAINER AGREEMENT



# HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL

### INVESTMENT BANKERS

September 17, 1999

Official Committee of Unsecured Creditors (the "Committee")
of Iridium Operating LLC, Iridium Capital Corp., Iridium IP LLC,
Iridium LLC, Iridium Roaming LLC, Iridium (Potomac) LLC,
Iridium World Communications LTD. (collectively, the "Debtors")

Attn: John Dixon, Chairman

Ladies and Gentlemen:

The purpose of this letter is to confirm the understanding and agreement (the "Agreement") concerning the engagement of Houlihan Lokey Howard & Zukin Capital, LP ("Houlihan Lokey" or the "Firm") by the Official Committee of Unsecured Creditors of the Debtors. Houlihan Lokey has been retained to provide financial advisory services to the Committee in connection with the following:

(1) Analyzing and reviewing the financial and operating statements of the Debtors and their subsidiaries;

(2) Analyzing the business plans and forecasts of the Debtors and their subsidiaries;

(3) Evaluating the assets and liabilities of the Debtor and their subsidiaries;

(4) Providing such specific valuation analyses the Committee may require in connection with the case;

(5) Devising appropriate strategies to maximize the value to be received by the unsecured creditors in this case;

(6) Assessing the financial issues and options concerning the Debtors plan of reorganization (the "Plan");

**Los Angeles**
1930 Century Park West
Los Angeles, California 90067-6802
Tel 310.553.8871  Fax 310.553.2173

Broker/dealer services through
Houlihan Lokey Howard & Zukin Capital.

New York     Chicago     San Francisco     Minneapolis     Washington, D.C.     Dallas     Atlanta     Toronto

(7)     Preparation, analysis and explanation to various constituencies of the Plan;

(8)     Providing testimony in court on behalf of the Committee, if necessary; and

(9)     Providing the Committee with any other necessary services as the Committee or the
        Committee's counsel may request from time to time with respect to the financial,
        business and economic issues that may arise.

Neither the Committee, its constituents, nor any of its advisors or professionals shall be liable for
the fees and expenses payable to Houlihan Lokey hereunder. It is clearly understood that the
Monthly Fees (defined below) and the Deferred Fee (defined below) are obligations of the Company
and, furthermore, that such Deferred Fee will not count as an offset against the aggregate
consideration received by the Noteholders (defined below).

Houlihan Lokey shall receive a non-refundable cash fee, payable by the Company, of $150,000 per
month (the "Monthly Fees") for services provided by Houlihan Lokey to the Committee commencing
on October 1, 1999. In addition, the Company shall reimburse Houlihan Lokey for actual out-of-
pocket expenses that are incurred by Houlihan Lokey in connection with services provided to the
Committee. The fees payable to Houlihan Lokey pursuant to this Agreement are solely for advisory
services rendered to the Committee, and are subject to the approval of the Bankruptcy Court (the
"Court").

In addition to the foregoing Monthly Fees, the Company shall pay Houlihan Lokey a deferred fee
("Deferred Fee") in the amount equal to 1.0% of the aggregate consideration received by the holders
("Noteholders") of the Company's 13% Senior Notes Due 2005, Series A, 14% Senior Notes Due
2005, Series B, 11.25% Senior Notes Due 2005, Series C, and 10.875% Senior Notes Due 2005,
Series D, in connection with a Restructuring Transaction (as defined below). The Deferred Fee shall
be payable in cash (or payable in kind upon the agreement of the Company and the Committee) upon
(1) substantial consummation of a Chapter 11 plan of reorganization, or (2) closing of a tender offer
for substantially all of the Claims (together, a "Restructuring Transaction"), in both cases to be
received by Houlihan Lokey at the time the Noteholders receive their distributions. Valuation issues
respecting "aggregate consideration" to the extent not readily determinable by market pricing, shall
be reasonably agreed to by Houlihan Lokey and the Committee.

The parties acknowledge that a substantial professional commitment of time and effort will be
required by Houlihan Lokey and its professionals hereunder, and that such commitment may
foreclose other opportunities for the Firm. Moreover, the actual time and commitment required for
the engagement may vary substantially from week to week or month to month, creating "peak load"
issues for the Firm. Based on mutual discussion between the Committee and Houlihan Lokey of the
various issues which may arise in the case, the Firm's variable commitment to the variable level of
time and effort necessary to address such issues, and the market prices for Houlihan Lokey's

engagements of this nature in an out-of-court context, the parties agree that the fee arrangement hereunder, pursuant to 11 U.S.C. Section 328(a), fairly compensate Houlihan Lokey and provide certainty to the Committee.

Out-of-pocket reasonable expenses (which shall be charged at cost) shall include, but not be limited to, all travel expenses (at coach fares), duplicating charges, computer and research charges, messenger services and long-distance telephone calls incurred by Houlihan Lokey in connection with services provided to the Committee. Out-of-pocket expenses shall not include reimbursement for reasonable expenses related to the engagement by Houlihan Lokey of outside consultants, if any, unless specifically approved by the Committee and the Court.

This Agreement is terminable upon 30 days written notice by either Houlihan Lokey or the Committee.

The Company understands that Houlihan Lokey will not be responsible for independently verifying the accuracy of the information provided by the Company (the "Information") and shall not be liable for inaccuracies in any Information provided by or on behalf of the Company to Houlihan Lokey.

If any party to the agreement brings an action based on this agreement, the prevailing party shall be entitled to reasonable expenses therefore, including, but not limited to, attorney's fees and expenses and court costs. To the extent that any person or entity not party to this agreement brings suit against Houlihan Lokey in connection with its performance hereunder, Houlihan Lokey's costs of defense shall be treated as an out-of-pocket expense hereunder, to be returned to the Company to the extent Houlihan Lokey is judicially determined to have been grossly negligent.

The obligations of Houlihan Lokey are solely corporate obligations, and no officer, director, employee, agent, shareholder or controlling person of Houlihan Lokey shall be subjected to any personal liability whatsoever to any person, nor will any such claim be asserted by the Company or the Committee, on its own behalf or on behalf of any other person.

Official Unsecured Creditors' Committee of
Iridium Operating LLC
September 17, 1999

Page -4-

This Agreement includes the entire understanding between the parties, and may be modified only in a writing signed by the parties hereto, supersedes all previous agreements should they exist and shall be governed by, and construed in accordance with, the Bankruptcy Code and, to the extent applicable, the laws of the State of New York, without regard to principles of conflicts of law. This Agreement is subject to entry of an order by the Court approving the retention of Houlihan Lokey.

**HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL, LP**

By: _____
    Alan D. Fragen
    Vice President

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
IRIDIUM OPERATING LLC**

By: _____

Its:   Chairman

EXHIBIT B

AFFIDAVIT OF ALAN D. FRAGEN

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | |
| IRIDIUM OPERATING LLC., | ) | Chapter 11 Case Nos. 99-45005-CB |
| IRIDIUM CAPITAL CORP., | ) | and 99045006-CB |
| IRIDIUM IP LLC, | ) | |
| IRIDIUM LLC, | ) | |
| IRIDIUM ROAMING LLC, | ) | (Jointly Administered) |
| IRIDIUM (POTOMAC) LLC | ) | |
| IRIDIUM WORLD COMMUNICATIONS LTD. | ) | |
| | ) | |

**AFFIDAVIT OF ALAN D. FRAGEN IN SUPPORT OF APPLICATION FOR ORDER
PURSUANT TO SECTION 327 and 328(a) OF THE BANKRUPTCY CODE AND FED. R.
BANKR P.2014(a) AUTHORING EMPLOYMENT AND RETENTION NUNC PRO TUNC, OF
HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL, LP AS FINANCIAL ADVISOR TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

| | |
|---|---|
| STATE OF CALIFORNIA | ) |
| | ) SS: |
| COUNTY OF   LOS ANGELES | ) |

**ALAN D. FRAGEN**, being duly sworn, deposes and says:

1.      I am a Vice President of the Financial Restructuring Group of Houlihan Lokey Howard &

Zukin Capital ("Houlihan Lokey" or the "Firm"), which provides investment banking, valuation and

financial advisory services from offices located in New York, Los Angeles, Chicago, Atlanta, San

Francisco, Washington, D.C., Minneapolis, Dallas, and Toronto.  This Affidavit is submitted in support of

the application of the Official Unsecured Creditors' Committee (the "Committee") in the above-captioned

Chapter 11 cases for an order authorizing the employment and retention of Houlihan Lokey as financial

advisors to the Committee.

2.     Except as set out below, neither I, Houlihan Lokey, nor any officer of the Firm, insofar as I have been able to ascertain after due inquiry, has any connection with the above-captioned debtors (the "Debtors") in these Chapter 11 cases, or any interest materially adverse to the interest of any class of creditors or equity security holders by reason of any direct or indirect relationship to the Debtors or their twenty largest creditors, or any other party-in-interest herein, or their respective attorneys.

3.     Our Financial Restructuring Group provides a range of financial advisory, investment banking, and valuation services to debtors-in-possession, creditors' committees, acquirers, and other parties in interest in connection with bankruptcy cases and financially distressed situations. I, and other professionals employed by Houlihan Lokey, have been involved in numerous bankruptcy and distressed situations from a variety of perspectives. Our firm is one of the most active and experienced restructuring advisors in the country. We have advised or are presently advising debtors, lenders and committees in many of the largest financial restructurings over the last decade.

4.     On or about June 1, 1998, Houlihan Lokey was retained as special financial advisor to the ad hoc committee (the "Ad Hoc Committee") of holders of public debt securities (the "Public Debt") issued by Iridium Operating LLC (the "Company"), to wit, the Company's 13% Senior Notes Due 2005, Series A; 14% Senior Notes Due 2005, Series B; 11.25% Senior Notes Due 2005, Series C; and the 10.875% Senior Notes Due 2005, Series D. Pursuant to a written retainer agreement dated June 1, 1999 (the "Pre-petition Engagement Letter"), executed by Houlihan Lokey and the Company, the Company paid Houlihan Lokey the sum of $700,000 as compensation for services rendered by Houlihan Lokey to the Ad Hoc Committee during the period June 1, 1999, through and including September 30, 1999, and the sum of $110,622.80 as reimbursement of expenses incurred by Houlihan Lokey in connection with such services. Since June 1, 1998, Houlihan Lokey has worked with the law firm of Weil, Gotshal & Manges LLP to, among other things, review and analyze the Debtors' financial condition, business operations, financial projections and business plan in order to negotiate with the Debtors on behalf of the

Ad Hoc Committee regarding a proposed restructuring of the Public Debt and the Company's other indebtedness.

5.     Houlihan Lokey has agreed to provide valuation, investment banking and financial advisory services to the Committee in the above-captioned Chapter 11 cases before this Court, pursuant to the terms and conditions of the engagement agreement between the Committee and Houlihan Lokey which is submitted herewith. Houlihan Lokey was retained by the Committee on September 17, 1999, and has been serving as its financial advisor since prior to that time.

6.     Houlihan Lokey is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code in that Houlihan Lokey:

  (a)     Is not a creditor, equity security holder or insider of any one or more of the Debtors;

  (b)     Is not and was not an investment banker for any outstanding security of any one or more of the Debtors;

  (c)     Has not been, within three (3) years before the date of the filing of the Debtors' Chapter 11 petitions, (i) an investment banker for a security of any one or more of the Debtors, or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of any one or more of the Debtors; and

  (d)     Is not and was not, within two (2) years before the date of the filing of the Debtors' Chapter 11 petitions, a director, officer, or employee of any one or more of the Debtors or of any investment banker as specified in subparagraph (b) or (c) of this paragraph.

7.     We currently anticipate that, in addition to myself, Irwin N. Gold will be the principal senior professional person working on this engagement on behalf of Houlihan Lokey in addition to another four (4) professionals.

8.     No agreement presently exists to share any compensation received by Houlihan Lokey for its services with any other person or firm. If any such agreement is entered into, Houlihan Lokey

undertakes to amend and supplement this affidavit to disclose the terms of any such agreement. No promises have been received by Houlihan Lokey or by any member or employee thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

9.     Houlihan Lokey has thousands of clients, past and present, that are located throughout the country in a variety of industries, including certain of the institutions that are members of the Committee. It is possible that some past or present clients have some connection to, or are creditors or shareholders of the Debtor. Nevertheless, insofar as I have been able to ascertain, Houlihan Lokey has not advised any parties in interest in connection with these Chapter 11 cases.

10.     Neither I, nor any officer or employee of Houlihan Lokey, insofar as I have been able ascertain after due inquiry, has had or presently has any "connections" with the Debtors, their creditors, equity security holders or any other party-in-interest in the above-captioned cases, or their respective attorneys, the United States Trustee, or any person employed in the office of the United States Trustee, except that I, Houlihan Lokey and/or its affiliates:

(i) may have appeared in the past, and may appear in the future, in other cases unrelated to these cases where one or more of said parties was, or may be, involved;

(ii) may represent, may have represented, or may represent in the future, certain of the Debtors' creditors or other parties-in-interest, in matters unrelated to the Debtors and these Chapter 11 cases;

(iii) may have other dealings with creditors of the Debtors that are unrelated to these Chapter 11 cases;

(iv) was retained in June of 1999 by Iridium Operating LLC to represent the Ad Hoc Committee of holders of the Public Debt in connection with the restructuring of the Debtor's indebtedness;

(v) was retained by Lockheed Martin to provide financial advisory services unrelated to this proceeding; such services were completed in June 1999;

(vi) was engaged by Raytheon Company to provide expert testimony in July of 1999 in litigation matters unrelated to this proceeding.

4

(vii) provided various financial advisory services unrelated to the Debtors or this Chapter 11 proceeding to Sprint and Oracle Corporation.

(viii) provided financial advisory services in 1998 to PT Bakrie Communications Corporation of Indonesia regarding the sale of its four million Class 1 Iridium interests (2.6% of outstanding Class 1 Interests) to the American International Group, Inc.

Additionally, Houlihan Lokey has completed a review of its files, and to the best of my knowledge, Houlihan Lokey has not advised other parties-in-interest in connection with these Chapter 11 cases. In connection with these Chapter 11 cases, Houlihan Lokey's only client is the Committee. Neither I, Houlihan Lokey, nor any other officer of the Firm, insofar as I have been able to ascertain, represents any interest adverse to the Debtors herein or their estates in the matters upon which Houlihan Lokey is to be engaged.

11.    To the best of my knowledge, information and belief, Houlihan Lokey is disinterested and holds no materially adverse interest as to the matters upon which Houlihan Lokey is to be retained. To the extent I discover any facts bearing on the matters described herein during the period of Houlihan Lokey's retention, I will supplement the information contained in this Affidavit.

**ALAN D. FRAGEN**

**SWORN TO AND SUBSCRIBED** before me at _Los Angeles, CA_ this _30_ day of September, 1999, as witnessed by my Hand and Seal of Office.

Notary Public
My Commission Expires: _May 2, 2001_

KATHLEEN D. HAWK
Commission # 1136561
Notary Public — California
Los Angeles County
My Comm. Expires May 2, 2001

5

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | |
| IRIDIUM OPERATING LLC., | ) | Chapter 11 Case Nos. 99-45005-CB |
| IRIDIUM CAPITAL CORP., | ) | and 99045006-CB |
| IRIDIUM IP LLC, | ) | |
| IRIDIUM LLC, | ) | |
| IRIDIUM ROAMING LLC, | ) | (Jointly Administered) |
| IRIDIUM (POTOMAC) LLC | ) | |
| IRIDIUM WORLD COMMUNICATIONS LTD. | ) | |
| | ) | |
| | ) | |

## ORDER PURSUANT TO SECTIONS 327 and 328(a) OF THE BANKRPUTCY CODE AUTHORIZING THE EMPLOYMENT OF AND RETENTION OF HOULIHAN, LOKEY, HOWARD & ZUKIN CAPITAL AS FINANCIAL ADVISOR TO THE OFFICIAL UNSECURED CREDITORS' COMMITTEE

Upon consideration of the Application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession herein (the "Debtors"), for an order pursuant to Section 327 and 328(a) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Committee to retain and employ Houlihan Lokey Howard & Zukin Capital ("Houlihan Lokey") as financial advisors, pursuant to the terms of its engagement letter dated September 17, 1999 (the "Engagement Letter"); and upon the affidavit (the "Fragen Affidavit") of Alan D. Fragen, Vice President of Houlihan Lokey, in support thereof; and the Court being satisfied that (i) Houlihan Lokey does not represent any interest adverse to the Debtors or their estates, (ii) Houlihan Lokey is a "disinterested person" as that terms is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code, (iii) the retention and employment of Houlihan

Lokey is necessary and is in the best interest of the Debtors and their estates, and (iv) Houlihan Lokey's compensation is fair, reasonable and market-based considering the nature of services to be rendered; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that the Application is granted and approved; and it is further

ORDERED, that in accordance with Section 327 and 328(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014, the Committee is authorized and empowered to enter into the Engagement Letter and employ Houlihan Lokey on terms set forth in the Engagement Letter, Application and Fragen Affidavit; and it is further

ORDERED, that in accordance with Section 327 and 328(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014, the Debtors shall assume and perform the obligations set forth in the Engagement Letter, Application and Fragen Affidavit, effective as of the commencement of these cases; and it is further

ORDERED, that Debtors are authorized to pay Houlihan Lokey the monthly fees, the deferred fee and reasonable expenses on the terms and conditions set forth in the Engagement Letter; and it is further

ORDERED, that none of the fees to be paid to Houlihan Lokey hereunder shall constitute a "bonus" under applicable law; and it is further

ORDERED, that Houlihan Lokey shall not be required to maintain time records; and it is further

ORDERED, that Houlihan Lokey shall be entitled to allowance of compensation and reimbursement of expenses under the terms provided in the Engagement Letter, Application and the Fragen Affidavit, effective as of the commencement of these cases.


Dated: _____


_____
Hon. Cornelius Blackhear
UNITED STATES BANKRUPTCY JUDGE